# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-70024

COY WAYNE WESBROOK

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:07-CV-1029

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Coy Wayne Wesbrook was convicted of capital murder and sentenced to death for murdering Gloria Coons and Antonio Cruz in the same criminal transaction. He requests a certificate of appealability ("COA") authorizing him to appeal the district court's denial of federal habeas relief. Wesbrook asserts that he is entitled to a COA for three claims:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1) that his trial counsel rendered ineffective assistance by failing to fully investigate his neurological impairments;

(2) that he was denied his Sixth Amendment right to counsel by the State's use of an undercover informant to obtain incriminating statements while he was incarcerated and represented by counsel; and

(3) that his due process rights were violated because the trial judge engaged in *ex parte* communications with the prosecution and acted in a dual role as both an investigator and an adjudicator.

To obtain a COA, Wesbrook must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, he must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338. The Supreme Court has instructed us that, in making our decision whether to grant a COA, we must limit our examination to a "threshold inquiry," which consists of "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 327, 336. We cannot deny a COA because we believe the petitioner ultimately will not prevail on the merits of his claims. *Id.* at 337. On the other hand, however, "issuance of a COA must not be *pro forma* or a matter of course." *Id.* "While the nature of a capital case is not of itself sufficient to warrant the issuance of a COA, in a death penalty case any doubts as to whether a COA should issue must be resolved in the petitioner's favor." *Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005) (internal quotation marks and citations omitted).

Based on our limited, threshold inquiry and general assessment of the merits of Wesbrook's claims, we conclude that he has presented issues that are adequate to deserve encouragement to proceed further. We therefore GRANT a COA authorizing Wesbrook to appeal the district court's denial of habeas relief for these claims.

We think that these issues have been thoroughly briefed. If, however, Wesbrook wishes to file a supplemental brief with respect to the merits of the claims, he may do so within thirty days of the date of this order. The supplemental brief should address *only* matters, if any, that have not already been covered in the brief in support of the COA application. If Wesbrook files a supplemental brief, the State may file a response fifteen days thereafter, to be similarly limited to matters that have not already been covered in its brief in opposition to Wesbrook's COA application.

For the foregoing reasons, Wesbrook's request for a COA is GRANTED.